IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN A. SICHKO,                )
                                 )
      Plaintiff,              )
                                 )
v.                               )   No. 07-2475-JTM
                                 )
SECRETARY OF NAVY, et al.,       )
                                 )
      Defendants.             )

**ORDER**

      This matter is before the court on the plaintiff's motion to reconsider the order granting defendants' motion for remand. (Dkt. No. 11).

      Steven Sichko, the plaintiff, filed a complaint on October 5, 2007, seeking a declaratory judgment from the court that the final decision of the Naval Discharge Review Board (hereinafter "NDRB") affirming Sichko's discharge and denying him an upgrade in the characterization of his discharge was arbitrary and capricious. (Dkt. No. 1). The defendants filed a motion for extension of time to file their answer until January 28, 2008. (Dkt. No. 4). The court entered an order granting the defendants an extension of time to file their answer. (Dkt. No. 5). On January 25, 2008, Breier Scheetz of the Judge Advocate Gerneral Corps, United States Navy, advised the defendants that portions of the tapes from the hearing of the NDRB were inaudible.

The defendants informed the plaintiff that same day of the problem and advised that it would be necessary to seek a remand. Plaintiff told the defendants that he would oppose the motion for remand. On January 28, 2008, the defendants filed a motion for remand and for a stay of pretrial planning, scheduling and discovery. (Dkt. No. 8). The defendants noted in their motion that plaintiff opposed the motion to remand. (Dkt. No. 8 - page 3). The plaintiff failed to file a response to the defendants' motion for remand. On March 4, 2008, the court entered an order granting the defendants' motion to remand. (Dkt. No. 10). On March 10, 2008, plaintiff filed a motion for reconsideration of the order to remand and additional time to respond to the defendants' motion for remand. (Dkt. No. 11).

The plaintiff asserts that the court did not issue a date for plaintiff to file a response to defendants' motion for remand. (Dkt. No. 11 - page 2). The plaintiff alleges that his mistaken belief that all deadlines were stayed pending further order of the court is why he failed to respond to the defendants' motion to remand. (Dkt. No. 13 - page 13). Local Rule 6.1(d)(1) provides a 14 day period for response. The rule is unambiguous and the court is not required to nor does it routinely issue an order detailing the dates when responses and replies are due.

A court can reconsider an earlier decision based on Fed.R.Civ.P. 60 if one of the following circumstances exists: (1) clerical mistakes or (2) due to mistake,

inadvertence, excusable neglect, newly discovered evidence or any other reason justifying relief from its operation. If a movant has complied with the ten-day limitation period embodied in Fed.R.Civ.P. 59(e) then that is the applicable rule. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motions to reconsider filed within ten days of entry of judgment should be considered under Rule 59(e)). If a motion is served withing ten days of rendition of judgment, the motion ordinarily falls under Rule 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). In general, a motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence. *See Dees v. Wilson*, 796 F. Supp. 474, 475 (D.Kan. 1992) ("A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts or mistakenly has decided issues not presented for determination."). Local Rule 7.3 for the District of Kansas provides:

> Motions seeking reconsideration of non-dispositive orders shall be filed withing ten days after the filing of the order unless the time is extended by the court. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

D.Kan. Rule 7.3.

The court entered an order granting the defendants' motion to remand on March 4, 2008, and the plaintiff timely filed a motion for reconsideration of the order to

3

remand on March 10, 2008.  Notwithstanding the timeliness of the reconsideration motion, the plaintiff has not alleged nor shown an intervening change in law, the availability of new evidence, the need to correct clear error, or prevent manifest injustice.  As such, his motion for reconsideration is denied.

The plaintiff filed a motion to amend his complaint on September 11, 2008. (Dkt. No. 14).  The motion was filed subsequent to the court order remanding the case to the NDRB for a *de novo* hearing.  (Dkt. No. 10).  The plaintiff's motion to amend complaint is hereby rendered moot based on the order remanding the case.

IT IS THEREFORE ORDERED, this 13th day of  February, 2009, that plaintiff's motion to reconsider the order to remand is denied.

 s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE